UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>NICOLE T. ARNAIZ,<br><br>  Defendant. | Case No. 13-cr-00617-MEJ-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF PROBATION**<br><br>Re: Dkt. No. 28 |

## INTRODUCTION

Before the Court is Defendant Nicole Arnaiz's ("Defendant") Motion for Early Termination of her probation pursuant to 18 U.S.C. § 3564(c). Mot., Dkt. No. 28. The Government opposes the Motion. Opp'n, Dkt. No. 30. The United States Probation Office for the Northern District of California supports early termination of Defendant's probation. *See* Email at 2 (document not filed on ECF); *see also* Mot. at 4 & Opp'n at 2 (both indicating Probation Office supports early termination). The Court held a hearing on the Motion on September 29, 2016. Sept. 29, 2016 Minute Entry, Dkt. No. 33. Having carefully considered the parties positions, the record in this case, and the relevant legal authority, the Court now **DENIES** Defendant's Motion for the reasons set forth below.

## BACKGROUND

On June 7, 2013, a U.S. Park Police Officer arrested Defendant for driving under the influence of alcohol. Presentence Report ¶ 7; Information, Dkt. No. 1. On September 18, 2013, the Government filed a two count information charging Defendant for violations of (1) 36 C.F.R. § 1004.23(a)(1) for operating a motor vehicle under the influence of alcohol, and (2) 36 C.F.R. § 1004.23(a)(2) for operating a motor vehicle with a blood alcohol content of 0.08% or higher.

Information at 1-3.

On February 27, 2014, Defendant pled guilty to a single charge, operating a motor vehicle under the influence of alcohol, pursuant to a plea agreement negotiated with the Government. Feb. 27, 2014 Minute Entry, Dkt. No. 12.  Prior to sentencing, Defendant submitted a letter to the Court.  Sentencing Mem., Ex. A ("2014 Letter"), Dkt. No. 16-1.  In her letter, Defendant accepted responsibility for her actions, expressed remorse and relief that no one was injured by her actions, and stated that she "know[s] with 110% certainty [she] will never get behind the wheel after drinking. [She] knew it before, but [she] will never again have a lapse of judgment." *Id.*

On May 9, 2014, pursuant to the joint recommendation of the parties, the Court sentenced Defendant to three years of probation, a $1,000 fine, and a $10 special assessment.  May 9, 2014 Minute Entry, Dkt. No. 17; Judgment, Dkt. No. 18.  The Court also required her to participate in a drug or alcohol testing and counseling program, participate in a state-mandated First Offender DUI Program, maintain proof of financial responsibility, and not operate a motor vehicle while under the influence of (any amount of) alcohol.  *Id*.

Defendant has completed three-fourths of her 36-month probation and now seeks early termination of her probation.  She argues her "exemplary behavior" merits early termination, and her probation officer supports this request.  Mot. at 1, 2, 4; Opp'n at 1, 2; Email at 2.  Thus far, Defendant has lived up to the terms of the plea agreement.  Mot. at 3, 5; Opp'n at 2.  Defendant submitted a letter to the Court on September 14, 2016, detailing her time on probation and her adherence to the terms of her plea agreement.  Smarandoui Decl., Ex. A ("2016 Letter"), Dkt. No. 29-1.  During the September 29, 2016 hearing on her motion, Defendant reiterated she has been abiding by the terms of her plea agreement.  She has maintained steady employment with a lobbying group since 2014 and has complied with all other terms and conditions of her sentence. *Id*.  Additionally, Defendant alleges she is involved in a charity in the Philippines that is run by members of her family, and she uses social media to promote the charity and participates in the charity's fundraising events in Las Vegas, Nevada.  Mot. at 3-4; 2016 Letter.  Defendant also alleges she educates "friends and acquaintances" about the dangers of drinking and driving.  Mot. at 3; 2016 Letter; *see also* 2014 Letter.

**LEGAL STANDARD**

A court may terminate probation early "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In doing so, courts must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. The relevant factors here include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Khan*, 2012 WL 2906590, at *2 (N.D. Cal. July 13, 2012) (utilizing these factors in determining whether to grant early termination of defendant's probation).

**DISCUSSION**

Having considered the § 3553(a) factors, reviewed the materials presented by Defendant, and considered the record in this case, none of those factors suggest early termination of Defendant's probation is appropriate at this point. Compliance with the terms of her probation poses no obstacles to Defendant's employment or to her engaging in her charitable activities. Defendant is currently employed, she has no need for educational/vocational training, and she does not owe restitution.

While Defendant's history and characteristics and her conduct on probation thus far indicate she is unlikely to reoffend or endanger the public in the future if the Court terminates her probation early, other factors weigh against early termination. In driving while under the influence, Defendant committed a serious offense that endangered the public as well her own life. Defendant made a "reckless" and "very irresponsible decision" (Mot. at 5; 2014 Letter), and completing her remaining time on probation not only ensures she continues to make better choices, it better serves the interest of deterrence of such future behavior. Consequently, the Court

3

finds the § 3553(a) factors tend to weigh in favor of Defendant remaining on probation.

However, Defendant has also argued the Court should terminate her probation early because she has demonstrated "exemplary behavior." Mot. at 4. Section 3553(a) does not consider good behavior as a factor in determining whether to termination probation early. But courts in this district have sometimes weighed this consideration on a motion for early termination of probation by looking to the standard for early termination of supervised release under 18 U.S.C. § 3583(e). *See, e.g.*, *United States v. Hilton*, 2014 WL 3728176, at *2 (N.D. Cal. July 28, 2014).

Section 3583(e) parallels 18 U.S.C. § 3564(c) in its consideration of the § 3553(a) factors but it also allows courts to discharge or modify the terms and conditions of supervised release "in order to account for new or unforeseen circumstances." *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). A defendant's "exceptionally good behavior" is one example of changed circumstances that warrant modification of the terms, or discharge of, supervised release. *Id.* (quotation omitted); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (district courts have broad discretion in "determining whether to grant a motion to terminate supervised release" (citations omitted)). Courts have thus considered a defendant's "exceptionally good behavior" when determining whether to grant early termination of probation as well. *See, e.g.*, *Hilton*, 2014 WL 3728176, at *2-3.

Courts, however, have been reluctant to find a defendant has demonstrated "exceptionally good behavior" just based on compliance with the terms of their sentence. "Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." *United States v. Grossi*, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) (citations omitted); *United States v. Sabatino*, 2014 WL 6847779, at *2 (N.D. Cal. Dec. 3, 2014) ("[E]ven '[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination'" (quotation omitted; brackets in original)); *United States v. Carter*, 2013 WL 2255875, at *2 (N.D. Cal. May 22, 2013) (same); *see also United States v. Robins*, 2014 WL 11790802, at *3 (C.D. Cal. May 27, 2014) (stating that early termination should only occur when

4

"something exceptional or extraordinary warrants it. . . . [S]omething more than compliance with the terms of probation is required to justify early termination[, like] changed circumstances, such as exceptionally good behavior. . . . [O]therwise, every defendant who avoided revocation would be eligible for early termination" (citations omitted; some brackets in original)); *United States v. Samer Tawfiqe Hawatmeh*, 2014 WL 11970544, at *4 (C.D. Cal. Sept. 19, 2014) ("If bad behavior warrants a revocation of probation (in favor of imprisonment) and good behavior warrants an early termination of probation, then nary a defendant would serve the actual term of probation. The exception would indeed swallow the rule" (quotation omitted)).

While Defendant has certainly demonstrated good behavior while on probation, she has not shown "new or unforeseen circumstances" such as "exceptionally good behavior" that warrants the discharge of her probation. It is laudable that Defendant has complied with the terms of her probation and is working hard to move forward and make positive changes in her life, including maintaining steady employment since 2014, engaging in in community service, and speaking with her "friends and acquaintances" about the dangers of drinking and driving. But while Defendant's behavior has been good, it ultimately does not rise to the level of "*exceptionally* good" as to warrant early termination. *See Hilton*, 2014 WL 3728176, at *3 (emphasis added) (despite finding defendant's charitable work on probation "commendable" finding this combined with general compliance with his probation terms insufficient to establish exceptionally good behavior).[1]

Finally, Defendant raises non-statutory-based considerations in favor of her request for early termination. She notes the potential savings to the probation department as well as a Judicial Conference Memorandum setting forth criteria for determining appropriate candidates for recommendation for early termination of probation (and the resources early termination of probation would save). The Judicial Conference Memorandum is not binding but is "entitled to

---

[1] Defendant, in her Motion and at the hearing, expressed her concern that the Court would require a showing of undue hardship as a precondition of early termination of her probation. *See* Mot. at 5. The Ninth Circuit has explained that a court may, in its discretion, consider undue hardship as one of the factors to weigh in the determination of whether early termination is in the interest of justice, but there is no requirement to consider it, and it is not determinative even if considered. *Emmett*, 749 F.3d at 820-21. Thus, the Court does not require Defendant to show continuation of her probation would pose an undue hardship, and the fact that she has not made a showing of such undue hardship does not in any way alter the Court's findings above.

respectful consideration." *Hollingsworth v. Perry*, 558 U.S. 183, 193 (2010) (citation omitted). However, the Court ultimately finds these non-binding factors unpersuasive. Pursuant to 18 U.S.C. § 3564(c), a court must consider whether early termination of probation is in the interests of justice, not whether it is in the interest of reducing costs. In view of the authorities above and upon consideration of the relevant factors, the Court finds the interests of justice do not warrant the early termination of her probation. The Court is confident that in the short remainder of Defendant's probation term she will continue to demonstrate good behavior and grow from this experience.

## CONCLUSION

Based on the analysis above, the Court **DENIES** Defendant's Motion under 18 U.S.C. § 3564(c) for Early Termination of Probation.

**IT IS SO ORDERED.**

Dated: October 25, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge